# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LANDON THOMAS**                                                                                             **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 5:24-cv-00086-KS-BWR**

**PIKE COUNTY, MISSISSIPPI**                                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff Landon Thomas bring this civil action under 42 U.S.C. § 1983 against Defendant Pike County, Mississippi. Compl. [1] at 1. When Thomas filed his Complaint on September 6, 2024, he was an inmate housed at the Pike County Jail in Magnolia, Mississippi. *Id.* He is now housed in the custody of the Mississippi Department of Corrections at the South Mississippi Correctional Institution in Leakesville, Mississippi. Notice [7] at 1. Thomas is proceeding *in forma pauperis*. Order [5]. Having thoroughly reviewed and liberally construed the record, the Court finds that this civil action should be dismissed with prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

### I. BACKGROUND

In August 2022, Thomas "slipp[ed] on wet, moldy stairs" in the Pike County Jail and consequently "suffered a broken wrist." Compl. [1] at 4. He "had a few surgeries to try to restore [his] wrist," and he attended "therapy sessions [prescribed] by [his] doctors." *Id.*

Sometime later, Thomas claims that he "was assaulted" by Officer Herbert

Young. *Id.* Thomas "was charged with assault on an officer," though he "was never convicted of assault." *Id.* Thomas believes that he was merely charged "in an attempt to cover up for the officer." *Id.* Because of this altercation, Thomas "was taken out of therapy" for his injured wrist. *Id.* He now alleges "deliberate indifference" and "malicious intent," and he seeks $300,000.00 in compensatory damages. *Id.*

Thomas has several other lawsuits pending before the Court—one of which is relevant here.[1] On January 17, 2024, Thomas filed a case against Officer Herbert Young and others, alleging that he "was beaten by . . . Officer . . . Young" and then "charged with simple assault on a law enforcement officer." *Thomas v. Pike County, Miss., et al.*, No. 5:24-cv-00005-DCB-ASH (S.D. Miss. Jan. 17, 2024) (Doc. 1 at 5). Thomas claims that the assault by Officer Young was "covered up" and that Thomas was merely charged "to make sure that [he] can't press charges on [Officer Young] first." *Id.* at 5-6. Thomas also avers that he "was taken out of [his] therapy treatment for a previous medical condition" as a result of this exchange. *Id.* at 5.

## II. DISCUSSION

### A. THE PRISON LITIGATION REFORM ACT

Because Thomas is proceeding *in forma pauperis*, Order [5], this case is subject to the case-screening procedure outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, *et seq.* The PLRA mandates dismissal if at any time the

---

[1] Thomas has two more pending lawsuits that are not related in substance to the allegations raised herein. *See Thomas v. Pike County*, No. 5:24-cv-00035-DCB-LGI (S.D. Miss.); *Thomas v. Sw. Miss. Reg'l Hosp.*, No. 5:24-cv-00104-DCB-ASH (S.D. Miss.).

2

Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *see Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action *sua sponte*. Having conducted the required screening, the Court finds that this case should be dismissed with prejudice as malicious.

### B. ANALYSIS

"A civil action may be dismissed if it is duplicative of another action pending in the same court." *Mills v. Adams Cnty. Bd. of Super's*, No. 5:18-cv-00015-DCB-MTP, 2018 WL 3118622, at *4 (S.D. Miss. June 25, 2018). "[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). That is, Thomas has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *See Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (quotation and alteration

omitted). He is entitled to "one bite at the litigation apple—but not more." *See Pittman*, 980 F.2d at 995.

The allegations in Thomas's Complaint concern the alleged assault by Officer Young and Thomas's subsequent denial of therapy services for his injured wrist. Compl. [1] at 4. Thomas is presently litigating "the same subject matter . . . against the same defendant," *see Oliney*, 771 F.2d at 859 (quotation and alteration omitted), in Case Number 5:24-cv-00005-DCB-ASH (S.D. Miss. Jan. 17, 2024) (Doc. 1). The claims in both cases are substantively identical and clearly arise from the same set of facts. The earlier-filed case is still pending, and Thomas may vindicate any constitutional violation (if proven) in that case; he need not simultaneously prosecute another identical case. This lawsuit must be dismissed with prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff Landon Thomas is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *See Adongo v. Tex.*, 124 F.

4

App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)).  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 4th day of December 2024.

_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE